UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

TARUS FLUITT,

                             Plaintiff,

v.

SHERIFF TODD K. BAXTER, COUNTY
OF MONROE, DEP. CAMBIZI,

                          Defendants.

No. 22-CV-6507-FPG
ORDER

———————————————————

**INTRODUCTION**

*Pro se* Plaintiff Tarus Fluitt filed a complaint asserting claims under 42 U.S.C. § 1983 against Monroe County Sheriff Todd K. Baxter, the County of Monroe, and Deputy Cambizi. ECF No. 1 at 1-2.[1] On January 18, 2023, the Court issued an order granting Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. 2, and screening the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). ECF No. 3. The Court dismissed the official capacity claims against Sheriff Baxter and Deputy Cambizi as redundant of the claims against the County of Monroe. The Court found that the following claims failed to state cognizable claims for relief under § 1983: (1) failure to supervise against the County of Monroe; (2) First Amendment retaliation against Deputy Cambizi in his individual capacity; (3) Fourteenth Amendment failure to protect against Deputy Cambizi and Sheriff Baxter in their individual capacities; and (4) Fourteenth Amendment denial of medical care against unnamed individuals. *Id.* at 1-2. The Court indicated that those claims

———————————————————

[1] Unless otherwise noted, the Court refers to the page numbers that are generated automatically upon filing by the CM/ECF system and are located in the header of each page.

would be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) unless Plaintiff filed an amended complaint. *Id.* at 2.

Plaintiff now has filed an amended complaint, ECF No. 8, naming different defendants: PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, Corporal John Doe 3, and Corporal John Doe 4. *Id.* at 1, 2-3 ¶I.B. The amended complaint's allegations solely concern the foregoing defendants' failure to protect Plaintiff from being attacked by other detainees at the Monroe County Jail ("the Jail"). *See id.* at 6-15.

For the reasons discussed below, the Court finds that Plaintiff has stated a plausible Fourteenth Amendment failure to protect claim against PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3, but not Corporal John Doe 4. Accordingly, the Court will request that the Monroe County Law Department assist in identifying PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3. Once PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 are identified, the Court will direct service of the amended complaint upon them.

Certain of Plaintiff's claims from the original complaint are deemed abandoned because Plaintiff failed to include any factual allegations in support of them in the Amended Complaint and, accordingly, will be dismissed. More specifically, Corporal John Doe 4, Sheriff Todd K. Baxter, and Deputy Cambizi will be terminated as defendants because Plaintiff has failed to allege their personal involvement in any constitutional deprivation. The County of Monroe will be terminated as a defendant because Plaintiff has failed to allege the existence of an official policy that led to the alleged constitutional violation he suffered. Finally, the amended complaint fails to include any allegations regarding retaliation under the First Amendment or denial of medical care under the Fourteenth Amendment, and those claims therefore dismissed as abandoned.

2

**DISCUSSION**

**I.    SCREENING UNDER TITLE 28 UNITED STATES CODE, SECTIONS 1915 AND 1915A**

Sections 1915 and 1915A provide that a complaint in a civil action shall be dismissed if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)-(2); *see also id.* § 1915(e)(2)(B)(i)-(iii) (articulated same standards for dismissal).  Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quotation and quotation marks omitted).  But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted)). In general, "[s]pecific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Id.* (quoting *Twombly*, 550 U.S. at 555; further quotation omitted).  In reviewing the complaint for legal sufficiency, the court accepts all factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam). "[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases." *Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008).

3

## II.     THE COMPLAINT

The following factual summary is based on Plaintiff's allegations in the amended complaint as well as the exhibits attached to it. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (stating that "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

In September 2022, Plaintiff was a pretrial detainee at the Jail. ECF No. 8 at 4 ¶ III, 6.  On September 18, 2022, he was moved from "the housing area PSB to the housing area 2 west low . . . located in the mainframe [of the Jail]." *Id.* at 6.  Plaintiff informed defendant PSB Deputy John Doe that he had a "non-contact" on the second floor named Jerrelle Williams ("Williams"). *Id.* Plaintiff explained to PSB Deputy John Doe that Williams is a high-ranking member of the Bloods gang who was involved in shooting Plaintiff five times on April 15, 2022. *Id.*  Plaintiff informed PSB Deputy John Doe that his "life would be in danger" and he "was sure to be . . . assaulted if placed on that floor." *Id.* at 7.  PSB Deputy John Doe told Plaintiff "not to worry because [his] non-contact was on the other side of [him] which is 2 M East High." *Id.*  Plaintiff explained that because Williams is a "high-ranking Blood[s] member, it doesn't matter where in the mainframe" Plaintiff was placed because Williams "will order other members of his gang to attack [Plaintiff]." *Id.*  PSB Deputy John Doe responded that there "was nothing he could do about it" and proceeded to move Plaintiff to 2 West Low. *Id.* at 8.

Upon arriving at the second floor, Plaintiff repeated the information he had told PSB Deputy John Doe to the officers present—defendants Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3. *Id.* at 8.  Those officers gave Plaintiff the same response as had been provided by PSB Deputy John Doe—that they would put Plaintiff on the other side. *Id.* at 8-9. Plaintiff again explained that because Williams is a high-ranking Bloods member, Plaintiff would

4

be attacked regardless of where he was placed. *Id.* at 9. Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 said there was nothing they could do about it. *Id.* Plaintiff then asked, "If there's nothing you can do [about] . . . placing me here, then why did you move me from the PSB unit where I was safe[?]" *Id.* The defendant officers "had no answers" and proceeded to move Plaintiff to the 2 West Low housing unit. *Id.*

As soon as he arrived at the 2 West Low housing unit, other detainees began asking Plaintiff his name. *Id.* at 9-10. Plaintiff "overheard multiple inmates yelling over to . . . Williams[,] letting him know [Plaintiff] was in the 2 West Low housing unit." *Id.* at 10. Williams yelled back "not to worry about it because it would be taken care of." *Id.* Plaintiff stayed in his cell the remainder of the night.

On September 19, 2022, Plaintiff went to the mezzanine gym at about 4:54 p.m. where he was "immediately attacked" by Tyrone Jiggetts, another high-ranking Bloods member. *Id.*; *see also id.* at 17. The assault was broken up by Jail employees using pepper spray, which aggravated Plaintiff's bullet wounds. *Id.* at 11.

Plaintiff then was moved to 4 West High for about a week; during that time, he had no problems. *Id.* On September 25, 2022, as he was leaving his cell to go to breakfast, Plaintiff was assaulted by Tajeron Williams, another gang member. *Id.*; *see also id.* at 18.

Over the next four months, Plaintiff was "continuously assaulted by gang members" but unspecified Jail officials failed to document these incidents. *Id.* at 12.

In the middle of November 2022, Plaintiff began receiving notes from Williams, *id.* at 19-21, which were passed to him by other detainees. *Id.* at 12. The notes said that if Plaintiff wanted the assaults to stop and for his family to remain safe, he had to write an affidavit clearing Williams of criminal liability for the April 15, 2022 shooting. *Id.* at 12-13; *see also id.* at 19-21. Plaintiff

composed an affidavit addressed to the Monroe County District Attorney on December 20, 2022, stating that he did not know Williams, that he did not see him on April 15, 2022, the day of the shooting; and that he would not testify at any trial regarding the shooting. *Id.* at 22.

Plaintiff provided unspecified Jail officials with one of the threatening notes from Williams, which they never returned. *Id.* at 13. The day after he turned over one of Williams's notes, Corporal John Doe 4 visited Plaintiff and moved him to the 2 South housing unit in the Tower area. *Id.* at 13-14.

"Shortly afterwards," Monroe County Assistant District Attorney Robin Catalano visited Plaintiff and asked about his recent affidavit purporting to exonerate Williams. *Id.* at 14. Plaintiff explained that he only wrote the affidavit because of the assaults against him and the threats against his family. *Id.* at 14; *see also id.* at 23-24. This information was conveyed to the Monroe County District Attorney, who then ordered Plaintiff to be transferred to the Livingston County Jail. *Id.* at 14-15. Plaintiff is presently detained there. *Id.* at 2 ¶ I.A.

Plaintiff seeks $250,000 in compensatory damages and $5 million in punitive damages. *Id.* at 16.

## III.   SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"[A] plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." *Patterson v. County of Oneida*, N.Y., 375 F.3d 206, 229 (2d Cir. 2004). Personal involvement requires showing "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). A defendant's liability "cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "Similarly, proof of 'linkage in the prison chain of command' is insufficient." *Id.* (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)).

## A.    Failure to Protect Under the Fourteenth Amendment

As noted in the previous screening order, Plaintiff's status as a pre-trial detainee means that the Due Process Clause of the Fourteenth Amendment governs his "failure to protect" claims. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017); *see also id.* at 33 n.9 (stating that "deliberate indifference means the same thing for each type of claim under the Fourteenth Amendment").

To establish a Fourteenth Amendment deliberate indifference claim, the pretrial detainee must satisfy two prongs. First, the "'objective prong' [requires] showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process." *Id.* at 29. To establish an objectively serious deprivation, "'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)). "In assessing whether the risk of an inmate's violence against other inmates is 'sufficiently serious,' to trigger constitutional protection, the focus of inquiry must be, not the extent of the physical injuries sustained in an

7

attack, but rather the existence of a 'substantial risk of serious harm.'" *Heisler v. Kralik*, 981 F. Supp. 830, 837 (S.D.N.Y. 1997) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).

The second prong—referred to as the subjective element in the Eighth Amendment context—is "defined objectively" for purposes of a Fourteenth Amendment claim. *Darnell*, 849 F.3d at 35. That is,

> the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

*Id.*

### 1.    Unreasonable Risk of Serious Harm

This element is not at issue. The Court previously assumed that Plaintiff, having been shot by a Bloods gang member, adequately alleged he faced a substantial risk of serious physical harm by being placed in proximity to another member of the Bloods gang. ECF No. 3 at 9. The amended complaint alleges that prior to his detention, Plaintiff was shot by Williams, a high-ranking Bloods gang member, *see* ECF No. 8 at 6-7; that Williams was being criminally prosecuted for the shooting, *id.* at 12-13; and that Williams and other members of the Bloods gang were detained at the Jail at the same time as Plaintiff, *id.* at 6-8. The Amended Complaint also alleges that Williams had the authority to order other Bloods gang members to attack Plaintiff, *id.* at 7-8; and that upon learning that Plaintiff was at the Jail, Williams said "it would be taken care of." *Id.* at 10. The Amended Complaint sufficiently alleges that Plaintiff faced a substantial risk of serious physical harm by being placed in proximity to Williams, who faced criminal liability for shooting Plaintiff; and other Bloods gang members who were willing to, and did, carry out Williams's orders to attack Plaintiff.

8

## 2.    Deliberate Indifference

According to the amended complaint, Plaintiff conveyed specific information to PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 about the nature of the threat of physical harm he faced from Williams and his fellow Bloods gang members. ECF No. 8 at 6-7. These four defendants discounted Plaintiff's concerns and said he had nothing to worry about because he would be on the "other side," *id.* at 7, of the housing unit from Williams. They did not address his concerns about being in proximity to Williams's fellow gang members. *Id.* at 8-9. Ultimately, they said there was nothing they could do about the specific threat of harm Plaintiff faced. *Id.* at 9. Even though Plaintiff was placed on the "other side" from Williams, he was close enough that he could hear Williams responding to the other detainees who had relayed to him that Plaintiff was present. *Id.* at 10. The Court finds that for purposes of initial screening, the amended complaint adequately alleges that PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 intentionally or recklessly failed to act with reasonable care to mitigate the risk that the condition (placement in proximity to Williams and his fellow gang members) posed to Plaintiff, even though they knew, or should have known, that the condition posed an excessive risk to his health or safety.

With respect to Corporal John Doe 4, however, Plaintiff does not allege his personal involvement in any constitutional deprivation. All Plaintiff says is that soon after he shared one of Williams's threatening notes with unspecified Jail officials, Corporal John Doe 4 moved him to the Tower. *Id.* at 13-14. Plaintiff does not allege that he faced a risk of danger while being in the Tower, that he informed Corporal John Doe 4 that he faced such a risk, or that he actually was threatened or assaulted while in the Tower. The amended complaint does not allege a plausible failure to protect claim against Corporal John Doe 4. Rather, a more reasonable inference is that

9

after Corporal John Doe 4 was provided documentary evidence of Williams's threats, he took steps to move Plaintiff to a less dangerous location.  Because the amended complaint does not suggest the existence of any facts that would allow Plaintiff to state a plausible claim Fourteenth Amendment failure to protect claim against Corporal John Doe 4, further leave to amend would be futile and is denied.  *See Hariprasad v. New York*, 722 F. App'x 102, 103 (2d Cir. 2018) ("[A]mendment would be futile, as there is no indication that [the *pro se* plaintiff] might plead a valid claim, particularly because he alleged no factual allegations.").  Accordingly, the claims against Corporal John Doe 4 are dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### III.   Previously Asserted Section 1983 Claims

"It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)).  In general, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Austin v. Ford Models, Inc.*, 149 F.3d 148, 155 (2d Cir. 1998) (quotations and citations omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  In *Austin*, however, the Second Circuit declined to apply the general rule to *pro se* litigants, reasoning that they "may not fully understand the superseding effect of the second pleading, even when it is allowed much less when it is disallowed." *Id.*  "Ultimately," the Circuit noted, "the question of abandonment is one of intent." *Id.*

Here, the Court granted Plaintiff leave to amend the following claims:  (1) Fourteenth Amendment failure to supervise against the County of Monroe; (2) First Amendment retaliation against Deputy Cambizi in his individual capacity; (3) Fourteenth Amendment failure to protect

against Deputy Cambizi and Sheriff Baxter in their individual capacities; and (4) Fourteenth Amendment denial of medical care against unnamed individuals. ECF No. 3 at 1-2. For each claim for which leave to amend was granted, the Court provided specific instructions and cautioned Plaintiff that if he failed to file an amended pleading that conformed to the Court's instructions, the claims would be dismissed. *Id.* at 6, 11-12, 14. And the Court explicitly informed Plaintiff that the amended complaint would stand alone as the operative pleading and therefore must include all of the allegations against each individual he intends to sue. *Id.* at 15.

The amended complaint, however, does not name Deputy Cambizi, Sheriff Baxter, or the County of Monroe as defendants in the caption. Nor does it refer to them anywhere in the body of the pleading. Although Plaintiff again mentions that pepper spray was used to interrupt two assaults against him, and that the pepper spray irritated his gunshot wounds, he does not assert that he was denied medical attention for this condition. Additionally, Plaintiff does not include any allegations in support of a First Amendment retaliation claim against any defendant or a municipal liability claim based on the County's alleged failure to supervise its employees. The Court finds that these circumstances evince Plaintiff's intention to abandon the previously asserted claims which have not been realleged in the amended complaint.

Therefore, the Court will deem those claims abandoned and will dismiss them with prejudice. *See Arrington v. LoTempio*, No. 22-CV-6141-FPG, 2023 WL 375098, at *4 (W.D.N.Y. Jan. 24, 2023) ("Although [the] [p]laintiff was granted leave to amend [his equal protection] claims, he did not replead them in the Amended Complaint. The Court deems these claims abandoned, and, consequently, they are now dismissed with prejudice." (citing *McFadden v. Annucci*, No. 18-CV-6684-FPG, 2021 WL 4942064, at *10 (W.D.N.Y. Oct. 22, 2021) (dismissing

Eighth Amendment claim previously dismissed without prejudice as abandoned where the plaintiff did not replead it in amended complaint)).

## IV.   *VALENTIN* ORDER

As discussed above, the Court permits the amended complaint to proceed as against the following defendants:  PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3.  Pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 75-76 (2d Cir. 1997) (per curiam), the Court requests that the Monroe County Law Department ascertain the full names of these four unnamed defendants.  The Court also requests the Monroe County Law Department provide the addresses at which PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 may be served.  The Monroe County Law Department need not undertake to defend or indemnify PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 at this time.

The Monroe County Law Department is directed to produce the information specified above regarding the identities of PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 within **30 days** of the date of the entry of this order.  If the Monroe County Department of Law is unable to identify PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 based on the allegations in the amended complaint, it must notify the Court, in its response to the *Valentin* order, what additional information it requires in order to identify these individuals.  The Monroe County Law Department's *Valentin* response shall be forwarded to the Court's *Pro Se* Unit, United States District Court, 2120 Kenneth B. Keating Federal Building, 100 State Street, Rochester, New York 14614.  Upon the Court's receipt of information identifying PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3, the amended complaint shall be deemed amended to reflect their full

names. The Clerk of Court shall issue summonses as to these defendants, and the Court will direct service upon them.

## ORDER

For the foregoing reasons,

IT HEREBY IS ORDERED that the following claims are DEEMED ABANDONED and are DISMISSED WITH PREJUDICE for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b):  (1) failure to supervise against the County of Monroe; (2) First Amendment retaliation against Deputy Cambizi in his individual capacity; (3) Fourteenth Amendment failure to protect against Deputy Cambizi and Sheriff Baxter in their individual capacities; and (4) Fourteenth Amendment denial of medical care against unnamed individuals; and it is further

ORDERED that the Fourteenth Amendment failure to protect claim against Corporal John Doe 4 is DISMISSED WITH PREJUDICE for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and it is further

ORDERED that the Clerk of Court is directed to terminate the following individuals as defendants and remove them from the official caption:  Deputy Cambizi, Sheriff Todd K. Baxter, the County of Monroe, and Corporal John Doe 4; and it is further

ORDERED that Fourteenth Amendment failure to protect claim may proceed as against PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3 in their individual capacities; and it is further

ORDERED that the Clerk of Court shall amend the caption to reflect the following defendants:  PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3; and it is further

ORDERED that within **30 days** of the date of this order, the Monroe County Law Department shall provide the Court with the names and addresses of PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3; or a written statement of reasons why such identification is impossible and what information is required in order to identify them; and it is further

ORDERED the upon the Court's receipt of information from the Monroe County Law Department identifying PSB Deputy John Doe, Deputy John Doe 1, Deputy John Doe 2, and Corporal John Doe 3, the Clerk of Court shall amend the caption to reflect their full names; and it is further

ORDERED that the Clerk of Court shall issue summonses as to these defendants and the Court will direct service of the amended complaint, ECF No. 8, upon them; and it is further

ORDERED that upon being served with the amended complaint, the defendants are directed to answer or otherwise respond pursuant to 42 U.S.C. § 1997e(g); and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order by mail to John P. Bringewatt, County Attorney, at the Monroe County Law Department, 307 County Office Building, 39 West Main Street, Rochester, New York 14614.

SO ORDERED.

Dated:      May 3, 2023
            Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York