UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TARUS FLUITT,

                              Plaintiff,                    Case # 22-CV-6507-FPG

v.

                                                           DECISION & ORDER

SHERIFF TODD K. BAXTER, *et al.*,
                              Defendants.

## INTRODUCTION

*Pro se* Plaintiff Tarus Fluitt ("Plaintiff") brings this civil rights action against Defendants

Public Safety Building ("PSB") Deputy Mark Hoffman ("Hoffman"), Deputy David Schmidt

("Schmidt"), Deputy Matthew Pheilshifter ("Pheilshifter"), and Corporal David Gertin ("Gertin")

pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 8. Plaintiff's claim arises out of an allegation of failure

to protect.  Presently before the Court is Defendants' motion for Summary Judgment, pursuant to

Federal Rule of Civil Procedure 56. ECF No. 68. Plaintiff opposes the motion. ECF No. 76.

Because Plaintiff failed to exhaust his administrative remedies before commencing this action,

Defendants' motion for Summary Judgment, ECF No. 68, is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). Disputes concerning material facts are genuine when the evidence is such that a reasonable

jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all

1

facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation marks omitted).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotation marks omitted). This does not mean, however, that a *pro se* litigant is excused from following the procedural requirements of summary judgment. "[A] *pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

## BACKGROUND

The following facts are undisputed unless otherwise specified. Tarus Fluitt entered the Monroe County Jail ("the Jail") in July 2022. ECF No. 68-9 at 1; ECF No. 76-1 at 1. On or before July 13, 2022, Plaintiff received a copy of the Monroe County Jail Inmate Handbook which contains a section titled, "HOW YOU MUST RESOLVE COMPLAINTS AND GRIEVANCES." ECF No. 68-9 at 1; ECF No. 76-1 at 2. The handbook outlines a process for Inmate Complaints and Inmate Grievances. ECF No. 68-9 at 1; ECF No. 76-1 at 2. The "Inmate Complaints" section instructs an inmate with a complaint (1) to try to resolve the complaint with the housing area supervisor, (2) if unable to resolve the complaint, to speak with the duty sergeant on rounds, (3) if

still unable to resolve the complaint, to ask the housing area supervisor for an Internal Communication Form, and (4) to send that form to the Chief Administrative Officer for resolution. ECF No. 68-9 at 1; ECF No. 76-1 at 2-3. The "Inmate Grievances" section instructs an inmate (1) to request a grievance form from their housing area supervisor, (2) to file the grievance within five days of the date of the act or occurrence giving rise to the issue being grieved, (3) if the grievance is denied or the inmate is unsatisfied with its disposition by the Grievance Officer, to appeal the decision to the Chief Administrative Officer within two business days, and (4) if the inmate remains dissatisfied after the Chief Administrative Officer's decision, to appeal the decision to the Citizens' Policy and Complaint Review Council in Albany, New York, within three business days. ECF No. 68-9 at 2; ECF No. 76-1 at 3-4.

Prior to September 18, 2022, Plaintiff resided in the Jail's Public Safety Building ("PSB") housing unit. ECF No. 68-9 at 2; ECF No. 76-1 at 4. On September 18, 2022, Plaintiff was moved from the PSB housing unit to the 2 West Low housing unit. ECF No. 68-9 at 2; ECF No. 76-1 at 4. On September 19, 2022, Plaintiff, upon entering the mezzanine gym, was physically assaulted by another inmate, Tyrone Jiggetts ("Jiggetts"). ECF No. 68-9 at 2; ECF No. 76-1 at 7. According to Plaintiff's sworn deposition, Plaintiff never tried sending an internal communication form to the chief administrative officer following his housing move from PSB, ECF No. 68-3 at 24.[1] Additionally, he first asked for a grievance form after he was moved to the fourth floor and after he was assaulted by Tajeron Williams ("Williams"). *Id.* at 80.[2] According to the Monroe County

---

[1] Plaintiff, in his response to Defendants' undisputed facts, states that he did not request an intercommunication form because he was "told by deputy that was not a grievable issue." ECF No. 76-1 at 5. However, Plaintiff does not include this in a sworn affidavit nor point to any evidence in the record to support this statement.

[2] Plaintiff, in his response to Defendants' undisputed facts, states that he requested a grievance form both before and after September 25, 2022. ECF No. 76-1 at 6. However, Plaintiff does not include this in a sworn affidavit nor point to any evidence in the record to support this statement.

Sheriff's Office Incident Summary, such incident involving Plaintiff and Williams took place on September 25, 2022. ECF 68-5 at 2.

## DISCUSSION

Defendants now move for summary judgment pursuant to Rule 56. ECF No. 68-10. They argue that they are entitled to summary judgment for the following reasons: (1) Plaintiff failed to exhaust his administrative remedies, ECF No. 68-10 at 5; and (2) Defendants are entitled to qualified immunity, *id.* at 9. Since the Court concludes that Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, it need not reach Defendants' qualified immunity argument.

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (the "PLRA"). ECF No. 68-10 at 5. Plaintiff responds that he asked for a grievance, but was told that "it was not a grievable issue by several deputies before and after the 5 day timeline," rendering the process unavailable. ECF No. 76 at 9.

The PLRA requires a "prisoner confined in any jail, prison, or other correctional facility" to exhaust all available administrative remedies before filing suit in federal court. 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 578 U.S. 632, 639 (2016) (holding that exhaustion is "mandatory"). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Like a convicted prisoner, "a pre-trial detainee is generally required to exhaust his administrative remedies prior to filing an action in

federal court." *Perez v. Ponte*, 236 F. Supp. 3d 590, 604 (E.D.N.Y. 2017), *report and recommendation adopted*, 16-CV-645, 2017 WL 1050109 (E.D.N.Y. Mar. 15, 2017). A prisoner must utilize the available grievance procedures, "regardless of whether the relief sought is offered through those procedures." *Espinal*, 558 F.3d at 124. Thus, to properly exhaust administrative remedies, a prisoner must use "all steps that the [government] agency holds out." *Amador v. Andrews*, 655 F.3d 89, 96 (2d Cir. 2011) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). He also must comply with the facility grievance "system's critical procedural rules," *Woodford*, 548 U.S. at 95, including time limits, *Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011).

There is no question that the PLRA requirements apply in this case because Plaintiff was incarcerated when he filed the complaint, and Plaintiff alleged that while incarcerated, his civil rights were violated by jail staff. *See* ECF No. 8; *Espinal*, 558 F.3d at 124. "Failure to exhaust is an affirmative defense under the PLRA, and, as such, Defendants bear the initial burden of establishing that a grievance process exists . . . ." *Brooks v. Mullen*, No. 14-CV-6690, 2020 WL 2512868, at *2 (W.D.N.Y. May 15, 2020).

The Inmate Handbook outlines two administrative processes – the inmate complaint process and the inmate grievance process. ECF No. 68-4 at 5-6. Here, Plaintiff admits in his sworn deposition that he never sent an internal communication form to the chief administrative officer, ECF No. 68-3 at 24, and thus concedes that he did not exhaust the inmate complaint process.[3] Plaintiff responds to Defendants' Statement of Material Facts, writing that he did not request an

---

[3] Although the inmate complaint process does not have a timeline associated with it, *see* ECF No. 68-4 at 5, Plaintiff is no longer incarcerated, and thus would not be able to exhaust the inmate complaint process. While a dismissal for failure to exhaust is generally done by the Court without prejudice, *see Holt v. Town of Stonington*, 765 F.3d 127, 133 (2d Cir. 2014), here, because Plaintiff cannot cure his failure to exhaust by utilizing the inmate complaint or inmate grievance process, Plaintiff's claim is dismissed with prejudice.

intercommunication form was because he was told by a deputy that it was not a grievable issue. ECF No. 76-1 at 5. However, Plaintiff fails to point to a factual basis or evidence in the record to support that. *See id.* "Merely denying certain statements in the moving party's statement of undisputed material facts without stating the factual basis for such denial and without disclosing where in the record is the evidence relied upon in making such denial does not constitute a separate, short, and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried—as is required to controvert the moving party's statement of undisputed material facts." *Adams v. Liberty Mar. Corp.*, 407 F. Supp. 3d 196, 199 (E.D.N.Y. 2019) (internal quotation marks omitted). Thus, the Court finds Plaintiff did not exhaust the inmate complaint system.

Defendants have met their burden of showing that a grievance process exists by attaching the Monroe County Jail Inmate Handbook, which contains a section titled, "HOW YOU MUST RESOLVE COMPLAINTS AND GRIEVANCES." ECF No. 68-4 at 5. The "Inmate Grievances" section instructs an inmate (1) to request a grievance form from their housing area supervisor, (2) to file the grievance within five days of the date of the act or occurrence giving rise to the complaint, (3) if the grievance is denied or the inmate is unsatisfied with its disposition by the Grievance Officer, to appeal the decision to the Chief Administrative Officer within two business days, and (4) if the inmate remains dissatisfied after the Chief Administrative Officer's decision, to appeal the decision to the Citizens' Policy and Complaint Review Council in Albany, New York, within three business days. *Id.* at 6.

Plaintiff admits that he did not file a grievance. ECF No. 8 at 26; *see* ECF No. 68-3 at 30, 70. Nevertheless, a plaintiff's failure to exhaust administrative remedies may be excused if the

6

necessary procedures are unavailable. *Ross v. Blake*, 578 U.S. 632, 643 (2016). Procedures are "unavailable" if (1) they "operate[] as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) they are "so opaque that [they] become[], practically speaking, incapable of use;" or (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643-44. Courts have found that procedures are unavailable when a prisoner is told that their complaint is not grievable. *See, i.e., Barrett v. Maciol*, 20-CV-0537, 2021 WL 7161931, at *7 (N.D.N.Y. Mar. 11, 2021) ("One direct exception to the exhaustion requirement exists in situations where the exhaustion procedure specifically provides that the dispute in question is non-grievable, *or where the inmate establishes, in a non-conclusory fashion, that he was so advised by the prison officials.*") (emphasis added), *report and recommendation adopted*, 20-CV-537, 2022 WL 130878 (N.D.N.Y. Jan. 14, 2022).

Here, however, Plaintiff, in his sworn deposition, states that the first time he asked Deputy Cambizi for a grievance was after he had been assaulted by Williams following his move to the fourth floor. ECF No. 68-3 at 30. According to the Monroe County Sheriff's Office Incident Summary, which Defendants attached as an exhibit to their Motion for Summary Judgment, the incident involving Williams and Plaintiff took place on September 25, 2022. ECF 68-5 at 2. The Monroe County Jail grievance policy only allows for five days from the date of the act or occurrence for an inmate to file a grievance. ECF No. 68-4 at 6. Although Plaintiff asserts in his Memorandum of Law in opposition to Defendants' Motion for Summary Judgment that he was told "it was not a grievable issue by several deputies before and after the 5 day timeline," he points to no sworn affidavit or other evidence in support. *See* ECF No. 76 at 9; *Giannullo v. City of New*

7

*York*, 322 F.3d 139, 142 (2d Cir. 2003) ("[a party's] memorandum of law . . . is not evidence at all.").

Since Plaintiff's failure to protect claim began the date Plaintiff was moved from the PSB housing area to the 2 West Low housing area on September 18, 2022, Plaintiff only would have had five days, or until September 23, 2022, to file his grievance.[4] *See* ECF No. 68-4 at 6 (explaining the grievance must be filed within five days of the date of the act or occurrence giving rise to the issue being grieved); *see also Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007) ("Alerting the prison officials as to the nature of the wrong for which redress is sought does not constitute proper exhaustion") (cleaned up); ECF No. 76-1 at 6 (Plaintiff not disputing that he had until September 23, 2022 to file a grievance). Because Plaintiff asked for a grievance form from Deputy Cambizi for the first time after his September 25, 2022 assault by Williams, ECF No. 68-3 at 30, Plaintiff failed to comply with the critical procedural rules; that is, he failed to file a grievance within five days in order to exhaust his administrative remedies within a timely manner. *See Mamon v. New York City Dep't of Corr.,* 10-CV-3454, 2012 WL 260287, at \*4 (S.D.N.Y. Jan. 27, 2012) ("The Second Circuit has made clear that even if prison officials have notice of a prisoner's claims as a result of such informal communications, the purposes of the PLRA's exhaustion requirement can only be realized through strict compliance with the applicable administrative procedures." (citing *Macias v. Zenk,* 495 F.3d 37, 44 (2d Cir. 2007)). In sum, Plaintiff failed to exhaust his administrative remedies in a timely manner. As such, the Court GRANTS Defendants' Motion for Summary Judgment on the basis that Plaintiff failed to exhaust his administrative remedies.

---

[4] Nevertheless, even if Plaintiff were to have filed a grievance on September 25, 2022 regarding Jiggett's September 19, 2022 assault of Plaintiff, the grievance would have been untimely because it would have been outside of the five-day window as required by Monroe County Jail's grievance process. *See* ECF No. 68-4 at 6.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for Summary Judgment (ECF No. 68) is

GRANTED. Plaintiff's Motion for a Settlement Conference (ECF No. 77) is denied as moot. The

Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: July 7, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York